UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COLORADO MEADOWLARK CORP., a Colorado Subchapter S Corporation, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| VS. | ) ) 3:11-CV-0922-G |
| SAGE PHYSICIAN PARTNERS, INC. d/b/a AMERICAN PHYSICIAN HOUSECALLS, a Texas Corporation, ET AL. | ) ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion for turnover order (docket entry 20). For the reasons stated below, the motion is granted.

I. BACKGROUND

On May 13, 2011, Colorado Meadowlark Corporation (the "plaintiff") was awarded a judgment in this case against D. Yale Sage ("Sage") and Kirk R. Short ("Short") (collectively, the "defendants") for $578,356.16 (the "judgment"), with interest accruing at a rate of 18 percent per annum until the judgment is paid.  *See*

Agreed Final Judgment at 4 (docket entry 12). Since December 5, 2011, the plaintiff has served several writs of execution upon the defendants and institutions holding their accounts. *See* Brief in Support of Plaintiff's Motion for Turnover Order ("Motion") at 2 (docket entry 21). These writs have yielded less than $5,000.00. *Id.* The plaintiff points to evidence showing that the defendants own, manage, or control a number of business entities and that the defendants have made claims for unpaid compensation and loans in pending bankruptcy proceedings. *Id.* at 2-4. Thus the plaintiff has filed the instant motion, requesting a turnover order in aid of satisfying the judgment.

## II. ANALYSIS

### A. Legal Standards

FED. R. CIV. P. 69(a)(1) directs the court to conduct "proceedings . . . in aid of judgment or execution" in "accord with the procedure of the state where the court is located." TEX. CIV. PRAC. & REM. CODE § 31.002(a) entitles a judgment creditor to "aid from a court of appropriate jurisdiction . . . to obtain satisfaction on the judgment if the judgment debtor owns property . . . that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." The statute permits the court to "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the

extent required to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3).  Moreover, Texas courts of appeal have held that traditional requirements governing the appointment of a receiver are inapplicable in turnover proceedings.  See *Childre v. Great Southwest Life Insurance Company*, 700 S.W.2d 284, 288 (Tex. App.--Dallas 1985, no writ).  The statute does not require the court to identify in the turnover order the specific property subject to turnover.  TEX. CIV. PRAC. & REM. CODE § 31.002(h).

"[T]he turnover statute requires that the debtor own and either possess or control the property against which a turnover order issues." *Parks v. Parker*, 957 S.W.2d 666, 670 (Tex. App.--Austin 1997, no writ).  The judgment creditor has the burden of tracing assets to the judgment debtor.  See *In re C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.--Dallas 2009, no writ), citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).  Once the creditor makes this showing, a presumption arises that the judgment debtor possesses the assets, and the burden shifts to the judgment debtor to show the assets are exempt, or otherwise account for them. *In re C.H.C.*, 290 S.W.3d at 931; see also *Sharif v. Wellness International Network, Limited*, 2008 WL 5220526, at *1 (N.D. Tex. December 12, 2008) (Boyle, J.).  "A trial court will not be reversed for an abuse of discretion so long as there is some evidence of a substantive and probative character to support the decision."  See *Tanner v. McCarthy*, 274 S.W.3d 311, 321-22 (Tex. App.--Houston [1st Dist.] 2008, no writ), citing

*Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.--Houston [1st Dist.] 1993, writ denied).

## B. Application

The plaintiff points to evidence showing that the defendants have claims in bankruptcy cases pending at the time of the filing of the motion. *See* Appendix to Plaintiff's Motion for Turnover Order ("Appendix"), Exhibits E and F at 64-73 (docket entry 20-1). These claims are clearly nonexempt property interests owned by the defendants. The defendants do not dispute this. *See generally* Defendants' Response to Plaintiff's Motion for Turnover Order ("Response") (docket entry 22). Moreover, the plaintiff also points to writs returned *nulla bona* and a writ in which $5,000.00 was recovered, evidence tending to show that these property interests fit the statutory requirement that they "cannot readily be attached or levied on by ordinary legal process." *See* Motion at 2; *see also* Appendix, Exhibits B and C, at 10-21. The defendants also do not dispute that these ownership interests in the bankruptcy claims cannot readily be attached or levied on. *See generally* Response. For these reasons, the court has little difficulty concluding that a turnover order is appropriate with respect to the pending bankruptcy claims, or to the extent of any recovery the defendants have made on those claims that remains in the possession or control of the defendants.

The plaintiff also points to evidence of the defendants holding directorships in various corporate entities. *See* Motion at 2-4; *see also* Appendix, Exhibit D at 22-63. That evidence is irrelevant to the issue of ownership, because merely holding the position of director in a corporation is insufficient to establish ownership. See, *e.g.*, *Suttles v. Vestin Realty Mortgage I, Inc.*, 317 S.W.3d 412, 416 (Tex. App.--Houston [1st Dist.] 2010, no writ). Moreover, the plaintiff points to no evidence that the defendants are entitled to fees for any services to such entities. Some of the evidence the plaintiff attaches, though, tends to show that the defendants do retain ownership interests in existing corporate entities. *See* Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Turnover Order ("Reply") at 4-5 (docket entry 27); *see also* Appendix to Plaintiff's Reply ("Reply Appendix"), Exhibits 1 and 2 at 4, 12 (docket entry 28). Since this evidence tends to show that the defendants do have ownership interests in property, and since the plaintiff has produced evidence of its returned writs (showing that these interests are not susceptible to ready attachment or levy by ordinary process), *see* Appendix at 10-21, the court concludes that with respect to the defendants' ownership interests in the seven entities listed in the plaintiff's reply brief, *see* Reply at 4 n.3, a turnover order is also appropriate.

The defendants argue that the motion for turnover order cannot be granted because the plaintiff's primary request is that turnover be made to the plaintiff directly. *See* Response at 2. Texas courts have generally held that ordering turnover

directly to the plaintiff is inappropriate.  See *Bear, Stearns & Company, Inc. v. M.T. Amad*, 919 F.2d 920, 922 (5th Cir. 1990) (quoting *Ex parte Johnson*, 654 S.W.2d 415, 418 (Tex. 1983).  The defendants' argument ignores the plaintiff's alternative request for the appointment of a receiver.  *See* Motion at 7-8.  Because the statute clearly gives the court discretion to appoint a receiver, and because the plaintiff has requested such appointment, the court has determined to appoint a receiver here.

The plaintiff requests an injunction, but does not justify this request using any identifiable legal principles, other than the observation that Texas courts have held that some traditional requirements for the issuance of an injunction are inapplicable in turnover proceedings.  *See* Motion at 8, *see also* Reply at 7.  While the cases the plaintiff identifies may dispense with some traditional requirements for the issuance of an injunction, the court is not persuaded by the plaintiff's briefing that these cases stand for the proposition that *all* usual legal requirements for the issuance of an injunction may be dispensed with in turnover proceedings.  See *Roosth v. Roosth*, 889 S.W.2d 445, 460 (Tex. App.--Houston [14th Dist.] 1994, writ denied) (citing *Childre*, 700 S.W.2d at 288).  In the absence of greater justification for the plaintiff's requested injunction, the court declines to issue it.

### C. Property Subject to the Turnover Order

On the basis of the foregoing, the court finds the following property interests the appropriate subjects of a turnover order:

(1) any and all currently pending claims of Sage and Short in the bankruptcy proceeding *In re Sage Physician Partners, Inc. d/b/a American Physician Housecalls*, No. 12-41314 (E.D. Tex. May 14, 2012);

(2) any monies recovered by Sage and Short in the aforementioned proceeding, to the extent such monies are still in the possession and control of the defendants individually or collectively;

(3) all of the defendants' interest in, and any and all monies owed to the defendants by, the following seven business entities: (a) Atomic Capital Partners, Inc., (b) Pathos Health Solutions, LLC, (c) BE Gentle Home Health Inc. d/b/a Phoenix Home Health; (d) Platinum Therapy Resources, Inc.; (e) Combined Hospice Services of North Texas, Inc.; (f) Combined Health Services, LLC; and (g) Ethos Health Solutions, Inc.; and

(4) all other nonexempt assets of Short and Sage.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion for a turnover order is **GRANTED**. The court orders the parties jointly to submit a list of proposed receivers by **July 8, 2013**. At that time, the court will appoint a receiver and issue an order requiring turnover to that receiver of the property listed above in Section II.C.

**SO ORDERED**.

June 25, 2013.

/s/ A. Joe Fish
**A. JOE FISH**
**Senior United States District Judge**