UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLORADO MEADOWLARK CORP., a Colorado Subchapter S Corporation, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:11-CV-0922-G |
| SAGE PHYSICIAN PARTNERS, INC. d/b/a AMERICAN PHYSICIAN HOUSECALLS, a Texas Corporation, ET AL., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER APPOINTING RECEIVER

On this day the court considered the request of plaintiff Colorado Meadowlark

Corporation ("Plaintiff") to appoint a Receiver (docket entry 31) for the non-exempt

assets of defendants D. Yale Sage, Kirk R. Short, and all related entities they own or

control, including but not limited to trusts, limited liability companies, corporations,

partnerships, joint ventures (collectively, "Receivership Defendants").  This order

appointing receiver is necessary and appropriate for the reasons previously stated in

this court's memorandum opinion and order (docket entry 30).

**I.**

It is therefore **ORDERED**:

1.      This court hereby takes exclusive jurisdiction and possession of the non-exempt assets, monies, securities, choses in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of the Receivership Defendants (hereinafter "Receivership Assets"), and the books, records, computers and documents, including every writing of any kind, type and description or other instrument or device by which, through or upon which information has been recorded or preserved, including but not limited to memoranda, notes, letters, bank records, statements, checks, wire instructions and confirmations, tape recordings, electronic and digital media of all types, audio and video recordings and photographs of the Receivership Defendants ("Receivership Records"). The Receivership Assets and Receivership Records specifically include, but are not limited to, all of the Receivership Defendants' interests in, and any and all monies owed to the Receivership Defendants by, the following entities: (a) Atomic Capital Partners, Inc., (b) Pathos Health Solutions, LLC, (c) BE Gentle Home Health Inc. d/b/a Phoenix Home Health, (d) Platinum Therapy Resources, Inc., (e) Combined Hospice Services of North Texas, Inc., (f) Combined Health Services, LLC, and (g) Ethos Health Solutions, Inc. The receiver is hereby authorized to take and have complete and

exclusive control, possession, and custody of all Receivership Assets and Receivership

Records pending further orders of this court.

       2.      The following individual is appointed receiver for the Receivership

Assets and Receivership Records:

> Brent J. Rodine
> QUILLING SELANDER LOWNDS
> WINSLETT & MOSER, P.C.
> 2001 Bryan Street, Suite 1800
> Dallas, Texas  75201
> Telephone:  214.871.2100
> Facsimile:    214.871.2111

The court finds that the receiver is not required to post a bond in this case because

this is a post-judgment turnover order and the underlying obligation has already been

determined by final judgment.  TEX. CIV. PRAC. & REM. CODE § 31.002(b)(3); *In re*

*Estate of Herring*, 983 S.W.2d 61, 64 (Tex. App.--Corpus Christi 1998, no pet.);

*Schultz v. Cadle Co.*, 825 S.W.2d 151, 154-55 (Tex. App.--Dallas 1992, writ denied);

*Childre v. Great Sw. Life Ins. Co.*, 700 S.W.2d 284, 285-89 (Tex. App.--Dallas 1985,

no writ).

       3.      Until further order of this court, all non-exempt assets of or under the

control of the Receivership Defendants are frozen, except as otherwise specified

herein.  The Receivership Defendants and their respective officers, managers, trustees,

escrow agents, facilitators, agents, servants, employees, attorneys, and all other

persons in active concert or participation with them, are hereby restrained and

enjoined from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, claimed by, or in the possession of the Receivership Defendants.  This freeze shall include, but is not limited to, funds located in any bank accounts, brokerage accounts, or any other accounts or property of the Receivership Defendants described herein.

4.      All persons, including the Receivership Defendants and their respective officers, managers, trustees, escrow agents, facilitators, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, and specifically including any bank or other financial or depository institution holding accounts for or on behalf of the Receivership Defendants, shall promptly deliver to the receiver all Receivership Assets and Receivership Records in the possession or under the control of any one or more of them.  No separate subpoena shall be required.  Upon presentation of this order, all persons, including financial institutions, shall provide account balance information, transaction histories, all account records and any other Receivership Records to the receiver or his agents, in the same manner as they would be provided if the receiver were the signatory on the account.

5.      The receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or U.S. Marshals, to enter and secure any

- 4 -

premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Assets or Receivership Records.

6.      All persons, including the Receivership Defendants and their respective officers, managers, trustees, escrow agents, facilitators, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are enjoined from any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets and Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this court.  Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this court.

7.      The receiver is hereby authorized to make appropriate notification to the United States Postal Service or any post office box or other mail depository to forward delivery to the receiver of any mail addressed to the Receivership Defendants. The receiver is hereby authorized to open and inspect all such mail to determine the location or identity of assets or the existence and amount of claims.

8.      The receiver is hereby authorized to make from Receivership Assets such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance, or preservation of the

Receivership Assets or Receivership Records.  From and after the date of entry of this

order, the receiver shall have the authority to conduct business operations relating to

the Receivership Assets or Receivership Records, including the collection of rents or

continuation or termination of any employment arrangement, leases, or contracts and

the terms thereof and to sell, rent, lease, or otherwise liquidate or dispose of the

Receivership Assets.  The receiver shall have the authority to contact and negotiate

with any creditors of Receivership Defendants for the purpose of compromising or

settling any claim.  To this purpose, in those instances in which Receivership Assets

serve as collateral to secured creditors, the receiver may surrender such assets to

secured creditors, and shall have the authority to make such surrender conditional

upon the waiver of any deficiency of collateral.  Furthermore, the receiver is

authorized to renew, cancel, terminate, or otherwise adjust any pending lease

agreement relating to the Receivership Assets or Receivership Records.

9.     The receiver is directed to file with this court a preliminary report

setting out the identity, location, and value of the known Receivership Assets and

liabilities.  The preliminary report shall include the receiver's recommendation stating

whether the court shall continue or terminate this order appointing receiver.

10.     The receiver is hereby authorized to employ such employees,

accountants, and attorneys as is necessary and proper for the collection, preservation,

maintenance and operation of the Receivership Assets and Receivership Records and

to open bank accounts or other depository accounts in the name of the receiver on behalf of the receivership estate.

11.     The receiver is hereby authorized to receive and collect any and all sums of money due or owing to the Receivership Defendants, whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance, and operation of the Receivership Assets.  The receiver is further authorized, in his discretion, to abandon or sell assets which are less than $1,500.00 in value without obtaining further order of the court, provided that such action is set forth in the receiver's final report.

12.     The receiver is hereby authorized to institute, defend, compromise, or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Assets or proceeds therefrom, and to issue subpoenas, institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation, and maintenance of the Receivership Assets.

13.     The receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds or proceeds traceable

to the Receivership Defendants.  All such actions shall be filed in this court.  The

receiver is specifically authorized to pursue such actions on behalf of and for the

benefit of the constructive trust beneficiaries, including without limitation the

plaintiff in this action or other creditors of the Receivership Defendants.  The receiver

is hereby appointed as the representative of those creditors for the limited purpose of

making requests to any authority, foreign or domestic, for the return of the funds

transferred by the Receivership Defendants and for filing actions to recover those

funds as the receiver may deem necessary.

14.    The receiver is authorized to transact any business or take any action

that the Receivership Defendants would be authorized to take individually or as

officers, directors, managers, members, partners, trustees or other principals of related

entities they own or control.  The Receivership Defendants are hereby directed to

execute any consent, authorization, resolution, or other document that be required by

any person to confirm the authority of the Receiver in this paragraph.

15.    The Receivership Defendants are ordered to fully cooperate with the

receiver and shall deliver to the receiver the following within ten (10) days after entry

of this order:

> (a)    a financial statement, verified under penalty of
> perjury by D. Yale Sage and in a form acceptable to the
> Receiver, that itemizes all of Sage's exempt and non-
> exempt assets, claims, and interests including, but not
> limited to, Sage's interests in any physical assets, accounts,
> community property, trusts, limited liability companies,

corporations, partnerships, joint ventures, or other entities and the current location of those assets;

(b)     a financial statement, verified under penalty of perjury by Kirk R. Short and in a form acceptable to the Receiver, that itemizes all of Short's exempt and non-exempt assets, claims, and interests including, but not limited to, Short's interests in any physical assets, accounts, community property, trusts, limited liability companies, corporations, partnerships, joint ventures, or other entities and the current location of those assets;

(c)     an itemized list, verified under penalty of perjury by D. Yale Sage and in a form acceptable to the receiver, stating the description and value of each asset Sage is claiming is exempt from execution in this suit and the current location of those assets;

(d)     an itemized list, verified under penalty of perjury by Kirk R. Short and in a form acceptable to the receiver, stating the description and value of each asset Short is claiming is exempt from execution in this suit and the current location of those assets;

(e)     all Receivership Assets in the possession or control of the Receivership Defendants;

(f)     all Receivership Records relating to Receivership Assets including, but not limited to, copies of statements or other records relating to the Receivership Defendants' bank accounts, brokerage accounts, or any other accounts for the past four (4) years;

(g)     contact information for any third-party custodian of non-exempt Receivership Assets;

(h)     a description of any asset transferred by the Receivership Defendants within the past four (4) years along with the related Receivership Records and contact

information for the recipient and subsequent transferees of such assets;

(i)     originals or copies of all computer files, passwords, keys, security cards, and codes needed to access the Receivership Assets; and

(j)     access to any safes, safe deposit boxes, storage unit, or any other facility containing Receivership Assets or Receivership Records.

The court expects that the Receivership Defendants will affirmatively assist the receiver, and not merely allow control to be taken of Receivership Assets and Receivership Records.

16.     Upon the request of the receiver, the United States Marshal's Office is hereby ordered to assist the receiver in carrying out his duties to take possession, custody, or control of, or identify the location of, any Receivership Assets or Receivership Records.  The receiver is authorized to remove any person from any premises or real estate constituting a Receivership Asset that attempts to interfere with the receiver, his attorneys, or agents in the performance of their duties.  The receiver is further authorized to change any locks or other security mechanisms with respect to any premises or other assets that constitute or contain Receivership Assets or Receivership Records.

17.     The receiver may file applications for court approval of professional fees and expenses to himself or others from the Receivership Assets.

18.     The receiver is an officer of the court.  Except for an act of gross negligence or intentional misconduct, the receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the receiver or those engaged or employed by him in connection with the discharge of their duties and responsibilities in connection with the receivership.

## II.

It is further **ORDERED** that this court shall retain jurisdiction of this action for all purposes.  The receiver is hereby authorized, empowered, and directed to apply to this court, with notice to the plaintiff and Receivership Defendants for issuance of such other orders as may be necessary and appropriate in order to carry out his duties.

## III.

It is further **ORDERED** that this order will remain in effect until modified by further order of this court.

July 9, 2013.

A. JOE FISH
**Senior United States District Judge**