Howard Marc Spector
TBA # 00785023
SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorjohnson.com

COUNSEL FOR D. YALE SAGE
AND KIRK R. SHORT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **COLORADO MEADOWLARK CORP.,** § <br> A Colorado Subchapter S Corporation, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **SAGE PHYSICIAN PARTNERS, INC.** § <br> d/b/a **AMERICAN PHYSICIAN** § <br> **HOUSECALLS,** a Texas Corporation, § <br> **D. YALE SAGE,** individually and § <br> **KIRK R. SHORT,** individually. § <br> § <br> Defendants. § | | Case No. 3:11-CV-00922-G |

**DEFENDANTS' MOTION PURSUANT TO F.R.C.P. 60(b) FOR
PARTIAL RELIEF FROM ORDER APPOINTING RECEIVER**

COME NOW, D. Yale Sage and Kirk R. Short (the "**Individual Defendants**") and for this Motion Pursuant to F.R.C.P. 60(b) for Partial Relief from Order Appointing Receiver (the "**Motion**"), state:

1. On November 30, 2012, Colorado Meadowlark Corp. (the "**Plaintiff**") filed its Motion for Turnover Order (Docket No. 20, the "**Receiver Motion**"). The Plaintiff, through the Receiver Motion, requested that the Court issue an injunction "barring Defendants from taking

any actions, whether directly or indirectly which could interfere with [Plaintiff's] efforts to satisfy its judgment." Receiver Motion at p. 5, ¶ 6.

2. On December 21, 2012, the Individual Defendants filed Defendants' Response to Motion for Turnover Order and Brief in Support Thereof (Docket No. 22, the "**Response**"). In the Response, the Individual Defendants contested the propriety of, and necessity for, an injunction. Response at p. 3.

3. On June 25, 2013, the Court issued its Memorandum Opinion and Order (Docket No. 30) granting in part, the Receiver Motion. However, the Court specifically stated that the Plaintiff had not satisfied the legal requirements for an injunction and "declines to issue it." Memorandum Opinion and Order at p. 6.

4. Upon information and belief, Plaintiff transmitted to the Court a proposed form of Order Appointing Receiver (the "**Proposed Order**"). Upon information and belief, the Proposed Order, in direct contravention to the Memorandum Opinion and Order, contained the injunction that the Plaintiff requested in the Receiver Motion, and which the Court declined to issue. Indeed, the Proposed Order seems to have contained injunctive language which also was to explicitly prohibit the Individual Defendants from commencing a bankruptcy case under Title 11 of the United States Code. The Proposed Order was apparently utilized by the Court as the basis for its Order Appointing Receiver (Docket No. 32) entered on July 9, 2013, because the Order Appointing Receiver contains the following injunctive language (notwithstanding the fact that the Court denied Plaintiff's request for an injunction in its Memorandum Opinion and Order):

> All persons, including the Receivership Defendants and their respective officers, managers, trustees, escrow agents, facilitators, agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are enjoined from any way interfering with the operation of the Receivership or in

      any way disturbing the Receivership Assets and Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this court.

  5. In other words, despite the fact that the Court determined in its Memorandum Opinion and Order that an injunction was not justified, the Individual Defendants are now bound by the injunction requested by Plaintiff in the Receiver Motion, and a broader injunction which also prohibits them from availing themselves of relief under the United States Bankruptcy Code (even though the broader injunction was never sought by the Plaintiff in the Receiver Motion). The Individual Defendants respectfully request that the Court amend the Order Appointing Receiver to delete Paragraph 6 in its entirety, so as to make the Order Appointing Receiver consistent with the Court's Memorandum Opinion and Order.

  6. Federal Rule of Civil Procedure 60(b) provides that the Individual Defendants may seek relief from the Receivership Order based on mistake, fraud, misrepresentation or misconduct by an adverse party. F.R.C.P. 60(b)(1), (b)(3). This Motion is timely since it is filed within one (1) year within the entry of the Order Appointing Receiver.

  WHEREFORE, PREMISES CONSIDERED, the Individual Defendants respectfully request that the Court amend the Order Appointing Receiver to delete Paragraph 6 in its entirety, and grant the Individual Defendants all further relief as justice may require.

  Dated: July 23, 2013.

        Respectfully submitted,

        LOOPER REED & McGRAW, P.C.

        By:    */s/ Russell E. Jumper*
                CHARLES W. SARTAIN
                State Bar No. 17653600
                RUSSELL E. JUMPER
                State Bar No. 24050168

        1601 Elm Street, Suite 4600
        Dallas, Texas 75201
        Telephone:    214.954.4135
        Facsimile:    214.953.1332

        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 23, 2013, a true and correct copy of the foregoing was served via electronic means to all parties who receive ECF notice in this case.

        */s/ Howard Marc Spector*
        Howard Marc Spector
        State Bar No. 00785023

## CERTIFICATE OF CONFERENCE

On July 23, 2013, I certify that I attempted to contact T. Wade Welch, counsel for the Plaintiff. Mr. Welch was unavailable to confer on the foregoing Motion and a message was left.

I further certify that on July 23, 2013, I emailed and called Brent J. Rodine, the Receiver. Mr. Rodine was unavailable to confer on the foregoing Motion and a message was left.

        */s/ Howard Marc Spector*
        Howard Marc Spector
        State Bar No. 00785023